UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYCE GINTHER and KIT KINEEF,<br><br>Plaintiffs,<br><br>v.<br><br>STEELWORKERS HEALTH AND WELFARE PLAN, BOARD OF TRUSTEES OF THE STEELWORKERS HEALTH AND WELFARE FUND, and ARCELORMITTAL USA, LLC,<br><br>Defendants. | Case No:<br><br>**COMPLAINT (ERISA)** |

## INTRODUCTION

1. This case arises out of Defendants' refusal to enroll a participant's same-sex spouse as a dependent under the Steelworkers Health and Welfare Plan ("Plan"), contrary to the Plan's unambiguous language listing the "the Employee's spouse" under its definition of "Dependent." Plaintiff Bryce Ginther, who works as a steelworker for Defendant ArcelorMittal USA LLC, legally married his same-sex partner of seven years, Plaintiff Kit Kineef, on May 15, 2012. The same day, Mr. Ginther requested that Mr. Kineef be enrolled as his dependent under the Plan. Four months later, the Plan denied Mr. Ginther's request on the grounds that "According to Arcelormittal, Same Sex Marriage is not covered under your insurance." The denial plainly contradicts the language of the Plan, which has no definition of "spouse" and does not exclude same-sex spouses from its definition of "Dependent." Defendants' refusal to enroll Mr. Kineef as required by the clear terms of the Plan violates the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 US.C. § 1001 et seq.

1

## JURISDICTION AND VENUE

2.Plaintiffs bring this action for declaratory, injunctive, and monetary relief pursuant to §§ 502(a)(1)(A) and (B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(A) and (B).

3.This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f), and 28 U.S.C. § 1331.

4.Venue lies in the Eastern District of Pennsylvania pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in part in this District, some of the breaches alleged occurred in this district, and one or more of the Defendants may be found in this district.

## PARTIES

5.Plaintiff Bryce Ginther is employed by ArcelorMittal USA ("ArcelorMittal") as an industrial electrician at ArcelorMittal's steel mill in Conshohocken, Pennsylvania. He is an active represented employee under a collective bargaining agreement between the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("Union") and ArcelorMittal USA, LLC. At all relevant times, he has been a participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), in the Steelworkers Health and Welfare Plan ("Plan").

6.Plaintiff Kit Kineef married Mr. Ginther on May 15, 2012 in New York, New York. Since that date, Mr. Kineef has been a beneficiary of the Plan as defined in ERISA § 3(8), 29 U.S.C. § 1002(8).

7.      At all relevant times, Defendant Steelworkers Health and Welfare Plan ("Plan) has been a multiemployer welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

8.      Defendant Board of Trustees of the Steelworkers Health and Welfare Fund ("Board") is the Plan's named fiduciary, ERISA § 402(a), 29 U.S.C. § 1102(a), the Plan administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), and the Plan sponsor within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).  It is also a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that it exercises authority or control respecting management or disposition of the Plan's assets, it exercises discretionary authority or discretionary control respecting management of the Plan, and/or it has discretionary authority or discretionary responsibility in the administration of the Plan.

9.      Defendant ArcelorMittal USA, LLC ("ArcelorMittal") is a corporation that manufacturers and supplies steel.  Its headquarters are in Chicago, Illinois, and it operates facilities in various locations in the United States, including Conshohocken, Pennsylvania, where Mr. Ginther works.  ArcelorMittal is a party to a Participation Agreement with the Union under which active represented employees of ArcelorMittal are eligible to participate in the Plan, the Plan provides employees with a managed health care plan, and ArcelorMittal makes contributions to fund the Plan.  According to the Plan's communications with participants, benefits from the Plan to participants who are active represented employees of ArcelorMittal are provided solely from ArcelorMittal's assets and are not insured by the Plan or by any provider with whom the Plan contracts.  ArcelorMittal is a de facto and/or functional fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that it exercises authority or control respecting management or disposition of the Plan's assets, it exercises discretionary

3

authority or discretionary control respecting management of the Plan, and/or it has discretionary authority or discretionary responsibility in the administration of the Plan.

## FACTUAL BACKGROUND

10. Mr. Ginther and Mr. Kineef, who are both male, have been a couple since 2005. They live in West Conshohocken, Pennsylvania. For several years before the events giving rise to this lawsuit, they planned to marry.

11. At all relevant times, Mr. Kineef has not had health insurance.

12. On or about January 2, 2012, Mr. Ginther asked ArcelorMittal's Human Resources Representative in Conshohocken about adding Mr. Kineef to his benefits under the Plan once the couple married.

13. From January to March 2012, Mr. Ginther repeatedly asked ArcelorMittal's Human Resources Representative for an answer to his inquiry, but he received no response.

14. On March 22, 2012, Mr. Ginther received a letter from ArcelorMittal's Senior Legal Counsel in Chicago, Illinois, stating that "[f]ederal law does not recognize civil unions" and that "anyone with whom a person might be party to a civil union is not eligible for the provision of spousal coverage under our ERISA Benefit Plans."

15. Plaintiffs legally married on May 15, 2012, in New York, New York.

16. By letter to ArcelorMittal dated May 15, 2012 and enclosing a copy of his marriage license, Mr. Ginther requested to enroll his husband, Mr. Kineef, as his dependent for medical benefits under the Plan.

17. Section 1.05 of the Plan lists "the Employee's spouse" under the Definition of "Dependent."

18. The Plan has no definition of "spouse" and does not exclude same-sex spouses form the definition of "Dependent."

19. The Summary Plan Description for ArcelorMittal USA Active Employees is consistent with the language in the Plan – it provides that "Dependents include the following persons" and includes "your spouse" on the list that follows.

20. Mr. Ginther received a letter dated May 18, 2012 from Human Resources at ArcelorMittal, stating that Plaintiff Ginther needed to contact UMR Eligibility to make changes to his health care benefits.

21. Mr. Ginther sent a Benefit Change Form to UMR Eligibility on May 23, 2012.

22. Having received no response to his request, Mr. Ginther sent a follow-up letter to UMR Eligibility on June 20, 2012.

23. On July 17, 2012, UMR sent Mr. Ginther a notice stating that Mr. Ginther needed to submit copies of his spouse's birth certificate and Social Security Card. Mr. Ginther promptly did so.

24. On September 5, 2012, Mr. Ginther received an e-mail from an Eligibility Representative at UMR Eligibility attaching a letter denying his request to enroll Mr. Kineef in the Plan. The letter states, "According to Arcelormittal, Same Sex Marriage is not covered under your insurance."

25. The September 5, 2012 letter fails to comply in any respect with the claim procedures mandated by ERISA § 503, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1.

26. Among other deficits, the letter fails to provide a description of the Plan's review procedures and does not contain reference to the specific Plan provisions on which the determination is based.

27. By certified mail sent on September 6, 2012, Mr. Ginther, through counsel, wrote to UMR Eligibility and Highmark Blue Cross Blue Shield ("Highmark"), requesting an explanation of the Plan procedures Mr. Ginther would be required to follow to obtain a review of the refusal to enroll his spouse. UMR Eligibility and Highmark received the letters on September 10, 2012. UMR Eligibility also received the letter by fax on September 6, 2012. The Plan's Summary Plan Description names Highmark as the Claims Administrator, which it defines as the "entity responsible for claims processing and payment," but the denial letter was sent from UMR Eligibility.

28. Mr. Ginther's September 6 letter also requested documents pursuant to Section 503 of ERISA, 29 U.S.C. § 1133, and applicable Department of Labor regulations, including 29 C.F.R. § 2560.503-1(h)(2)(iii), that are relevant to Plaintiff Ginther's claim for benefits under 29 C.F.R. § 2560.503-1(m)(8). Highmark and UMR Eligibility did not respond to this request.

29. By certified mail sent to UMR Eligibility and Highmark on October 23, 2012, Mr. Ginther, through counsel, again requested a statement of appeal procedures and documents relevant to his claim for benefits. UMR Eligibility received the letter on October 25, 2012 (and also received the letter by fax on October 23, 2012), and Highmark received the letter on November 8, 2012.

30. To date, there has been no response from either Highmark or UMR Eligibility.

31. By certified mail sent to Defendant Board on October 24, 2012, Mr. Ginther, through counsel, made a written request for all documents required to be provided under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4). The Board received the letter on October 29, 2012. To date, there has been no response.

32. By letter dated December 4, 2012, Plaintiff Ginther, through counsel, again wrote to the Chairman of the Board, describing and attaching his correspondence with Defendant ArcelorMittal, UMR Eligibility, and Highmark regarding his request to enroll Mr. Kineef in the Plan as his dependent. The Chairman of the Board received the letter on December 5, 2012.

33. To date, Mr. Ginther has received no response from Defendant Board.

34. Because Mr. Ginther has not been provided with a reasonable claims procedure consistent with the requirements of ERISA § 503, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, he is deemed to have exhausted administrative remedies.

## FIRST CLAIM FOR RELIEF

### [CLAIM FOR BENEFITS PURSUANT TO ERISA § 502(A)(1)(B) AND 29 U.S.C. § 1132(A)(1)(B), AGAINST ALL DEFENDANTS]

35. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

36. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes participants and beneficiaries of a plan to bring a civil action to recover benefits due to them under the terms of a plan, to enforce their rights under the terms of a plan, and/or to clarify their rights to future benefits under the terms of a Plan.

37. Mr. Ginther's request to enroll his spouse in the Plan as a dependent is a request for a plan benefit or benefits pursuant to 29 C.F.R. § 2560.503-1(e).

38. Since May 15, 2012, Mr. Ginther has been entitled by the terms of the Plan to enroll Mr. Kineef as his dependent under the Plan.

39. Since May 15, 2012, Mr. Kineef has been entitled to benefits under the Plan as Mr. Ginther's dependent.

40. On information and belief, Defendant ArcelorMittal has influence and/or control over the Plan's decision as to the enrollment of Mr. Kineef as Mr. Ginther's dependent.

Accordingly, it has acted as a de facto administrator of the Plan in terms of interpreting the Plan and making benefit determinations.

41. By the acts and omissions described above, Defendants violated, and continue to violate, the terms of the Plan and Plaintiffs' rights thereunder.

## SECOND CLAIM FOR RELIEF

### [STATUTORY PENALTY FOR FAILURE OR REFUSAL TO TIMELY PROVIDE REQUESTED DOCUMENTS PURSUANT TO ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), BY PLAINTIFF GINTHER AGAINST DEFENDANT BOARD]

42. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

43. ERISA 502(a)(1)(A), 29 U.S.C. 1132(a)(1)(A), authorizes a claim by a plan participant or beneficiary for the relief provided for in ERISA § 502(c), 29 U.S.C. § 1132(c).

44. Pursuant to ERISA § 502(c), 29 U.S.C. § 1132(c), and 29 C.F.R. § 2575.502c-1, any administrator who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 per day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

45. ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), provides that the administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description and the trust agreement, contract, or other instruments under which the plan is established or operated.

46. By certified mail dated October 24, 2012 to the Board, Mr. Ginther, through counsel, made a written request for all of the documents required to be provided under ERISA §

104(b)(4), 29 U.S.C. § 1024(b)(4). The Board received the letter on October 29, 2012.

47. By letter sent on December 4, 2012 to the Chairman of the Board, Mr. Ginther, though counsel, reminded Defendant Board of his request and recited the penalty provision.

48. To date, Defendant Board has not responded to Mr. Ginther's request for documents.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against the Defendants and that the Court grant the following relief:

**As to the First Claim for Relief:**

A. Declare that Defendants have violated the terms of the Plan by failing to enroll Mr. Kineef as Mr. Ginther's eligible dependent from May 15, 2012, forward;

B. Declare that Mr. Kineef is Mr. Ginther's eligible dependent under the terms of the Plan;

C. Order that Defendants enroll Mr. Kineef in the Plan retroactive to June 1, 2012;

D. Award Plaintiffs' reasonable attorneys' fees and costs of litigation pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

E. Award such other and further relief as the Court deems equitable and just.

**As to the Second Claim for Relief:**

A. Order that Defendant Board is liable to Mr. Ginther for a penalty of $110 per day from October 29, 2012 to the date on which the Board provides the requested documents or the date of judgment herein, whichever is earlier; and

B. Order such other and further relief as the Court deems proper.

C.	Award Plaintiffs reasonable attorneys' fees and costs of litigation incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

Dated: 7 February 2013

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By: _____
Teresa S. Renaker, Esquire*
Julie H. Wilensky, Esquire*
Lewis, Feinberg, Lee, Renaker
& Jackson, P.C.
476 9th Street
Oakland, CA 94607

Benjamin L. Jerner, Esquire
Tiffany L. Palmer, Esquire
Jerner & Palmer, P.C.
5401 Wissahickon Avenue
Philadelphia, PA 19144

*Attorneys for Plaintiffs*

*Pro Hac Vice application forthcoming